UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PETER PAUL MITRANO | ) | Case No. 08-12890-SSM |
| | ) | Chapter 13 |
| Debtor | ) | |

**MEMORANDUM OPINION**

Before the court is the objection of the United States of America on behalf of the Internal Revenue Service ("IRS") to confirmation of the plan filed by the debtor on June 5, 2008. The objection was originally set for hearing on July 30, 2008, together with an objection to confirmation and motion to dismiss filed by the chapter 13 trustee. The hearing on the IRS objection was continued to September 10, 2007. Argument was presented on the trustee's objection and on the motion to dismiss, both of which were taken under advisement and have not yet been ruled upon. At the continued hearing on the IRS objection, the debtor did not appear. Because it plainly appears that the plan does not properly provide for the IRS's secured and priority claims, confirmation must be denied.

Background

Peter Paul Mitrano ("the debtor"), who describes himself as a self-employed patent attorney, filed a voluntary petition in this court on May 22, 2008, for relief under chapter 13 of the Bankruptcy Code. On his schedule of income he reported $0 on a monthly basis from his employment as a patent attorney and $1,400 per month from rent. He reported monthly expenses on Schedule J in the amount of "at least" $3,465, for a monthly shortfall of at least $2,085. His

1

plan, filed on June 5, 2008, proposes to pay the chapter 13 trustee $10.00 per month for 36 months.

The IRS filed a timely proof of claim on July 9, 2008, asserting (1) a secured claim in the amount of $5,548.84 for unpaid 2001, 2002, and 2003 federal income taxes for which notices of tax liens had been filed; (2) a priority unsecured claim of $20,149.59 for unpaid 2005 and 2006 federal income taxes plus intereston the debtor's 2004 taxes and (since no return had yet been filed) an estimated $500.00 for 2007 taxes; and (3) a general unsecured claim of $4,038.15 for penalties.  No objection has been filed to the proof of claim.

## Discussion

The requirements for confirmation of a chapter 13 plan are set forth in § 1325, Bankruptcy Code.  Among other requirements, a plan must provide for full payment of allowed priority claims and must pay secured creditors the value of their collateral with interest. §§ 1322(a)(2) and 1325(a)(5)(B)(ii), Bankruptcy Code.  For secured tax claims, the rate of interest that must be paid is determined by applicable nonbankruptcy law.  § 511, Bankruptcy Code.  In its objection, the IRS represents that rate to be currently 5%.  Thus, in order to be confirmed, the plan—which is funded in the amount of only $360.00 over its entire 36-month term—would have to pay the IRS at least $26,136.39:

| | |
|---|---:|
| Priority claim | $20,149.59 |
| Secured claim with interest at 5% ($166.30/mo x 36 mos) | $5,986.80 |
| Total | $26,136.39 |

Of course, the plan must also pay the trustee's commission of 10 percent on distributions to creditors.  So simply to fund a plan paying no claims other than the IRS's priority and secured

claims would require total funding of $29,040.43.  Not only is the plan not sufficiently funded to do so, the debtor's income and expense schedules reflect that he has no current ability to increase his plan payments to the amount that would be required to pay the IRS's claims.

For the foregoing reasons, if no other, the plan must be denied confirmation.[1]  A separate order will be entered consistent with this opinion.

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge


Copies to:

Peter Paul Mitrano
4912 Oakcrest Drive
Fairfax, VA 22030
Debtor *pro se*

Robert K. Coulter, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA  22314

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

---

[1]  The IRS has also objected to confirmation on the ground that the debtor has not filed his 2007 federal income tax return, as required by § 1325(a)(9) and 1308(a), Bankruptcy Code (requiring debtor to file, no later than the day prior to the meeting of creditors, all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition).  Unless the debtor can show either that he filed a 2007 federal income tax return prior to the meeting of creditors or that he was not required to file a federal income tax return for 2007,  his failure to do so would constitute an independent basis for denial of confirmation.